Exhibit A

Hand Deliv
2/12/16
C. Burford

COPY
BY FAX

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NCO Financial Systems, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Mikaela Julian Liboro

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 03 2016

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles
111 N. Hill St.,
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
16K01506

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE:
*(Fecha)*

SHERRI R. CARTER, Clerk, by
*(Secretario)*

VICTOR SINO-CRUZ, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

FEB 03 2016

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, PC**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
Attorneys for Liboro,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 03 2016

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**LIMITED JURISDICTION**

16K01506

| | |
|---|---|
| Mikaela Julian Liboro,<br><br>Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.,<br><br>Defendant. | Case No.:<br><br>(Amount exceeds $10,000 but does not exceed $25,000)<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:<br><br>1. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.;<br><br>2. The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq.;<br><br>3. California Civil Code § 1798.92, et seq.;<br><br>4. The Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.<br><br>5. The Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785, et seq.<br><br>**JURY TRIAL DEMANDED** |

BY FAX

### Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to

marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. In enacting the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681, et seq., the federal legislature explained that that the banking system is dependent upon fair and accurate credit reporting and that there is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. 15 U.S.C. §§1681(a)(1),(4).

4. In enacting the Consumer Credit Reporting Agencies Act ("CCRAA"), *Cal. Civ. Code* §§1785, et seq., the legislature explained that there is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy and that it intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California. *Cal. Civ. Code* §§1785.1(c),(e).

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. In enacting the California's Identity Fraud Statute, *Cal. Civ. Code* §§1798.92 et seq., the legislature found that the right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and legal remedies, and that in order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. *Cal. Civ. Code* §1798.1(a),(c).

6. Plaintiff Mikaela Julian Liboro ("Liboro") brings this action against Defendant NCO Financial Systems, Inc. ("Defendants") due to Defendant's willful efforts to attempt to collect monies from Liboro on a debt that she does not owe, despite Liboro numerously advising Defendant that the debt Defendant sought was a result of fraud on Liboro's identity. Defendant ignored written disputes submitted by Liboro to all three (3) major credit reporting as well as an identity theft affidavit prepared and signed by Liboro and provided to Defendant, attesting to the fact that the debt sought be Defendant is not by owed and providing Defendant all additional information that Liboro believed would assist Defendant in investigating the identity fraud. As a result of Defendant's conduct, Liboro has been harmed, and her rights as a consumer have been violated, as further detailed below.

7. Liboro makes these allegations on information and belief, with the exception of those allegations that pertain to a Liboro, or to a Liboro's counsel, which Liboro alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

9. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

10. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

11. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals,

trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## Parties

12. Liboro is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Liboro. In addition, Liboro is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a is a "debtor" as defined by Cal Civ Code §1788.2(h). Finally, Liboro is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

13. At all relevant times herein, Defendant NCO Financial Systems, Inc. was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Liboro which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c); Finally, at all relevant times, Defendants was a company who regularly provide information to consumer reporting agencies, and are therefore "information furnisher[s]" as defined by the FCRA and CCRAA. Defendant are also "person[s]" as defined by *Cal. Civ. Code* §1785.3(j).

## Factual Allegations

14. At all times relevant, Liboro is an individual residing within the State of California.

15. In or around early 2013, Liboro first gained knowledge that she was the victim of identity theft and fraud. Consequently, she retained counsel to assist her with rectifying any harm resulting from the theft and fraud. As part of her efforts to rectify the harm, Liboro fully cooperated with creditors and other involved individuals and entities that required any information to assist her. Specifically, Liboro was able to determine that a former friend, Annabelle Torres, had used Liboro's signature and falsify loan documents and obtain loans without Liboro's knowledge. Liboro conveyed this information to the police by submitting

a police report; she also provided affidavits to various lenders and creditors investigating the matter. Notwithstanding this information, which Liboro also dispute with all three major credit bureaus, in writing, Defendant contacted within a year of the filing of this complaint, seeking payments on all three loans.

16. Liboro's counsel at the time provided Defendant with Liboro's theft affidavits, credit reporting disputes and police report and reiterated Liboro's position regarding the identity theft. Defendant ignored such information and filed three (3) debt collection lawsuits against Liboro, the instant case being one of three. Prior to filing suit, and without much explanation, Defendant refused to acknowledge that the debts it sought to collect incurred as a result of identity fraud; Defendant took this position in September of 2014.

17. Defendant continued attempts to knowingly collect an invalid debt from Liboro constitutes violations of Sections 1692e and Sections 1692e(2)(a) of the FDCPA, since Defendant used false, deceptive and misleading representations in connection with the collection of alleged debt from Liboro, and since Defendant falsely represented the character, amount and legal status of the alleged debt, as it related to Liboro. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also have violated Cal. Civ. Code § 1788.17.

18. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect the alleged debt from Liboro. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also have violated Cal. Civ. Code § 1788.17.

19. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt from Liboro. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also have violated Cal. Civ. Code § 1788.17.

20. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Liboro. This section is incorporated into the RFDCPA

through Cal. Civ. Code § 1788.17. Thus, Defendant also have violated Cal. Civ. Code § 1788.17.

21. To date, Defendant continue their unfair debt collection practices by communicating personal credit information to Liboro's credit report that is known or should be known to be false. Such conduct constitutes a violation of 15 U.S.C. § 1692e(8).

22. By ignoring the information provided by Liboro regarding the invalidity of the debt, as to her, Defendant engaged in conduct the natural consequence of which was to harass, oppress and abuse Liboro. Through this conduct, Defendant violated 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

23. Defendant' repeated and continuous violations have caused Liboro emotional distress, in additional to actual damages to the extent that her credit standing has been damaged, thereby diminishing her ability to apply for and obtain any lines of credit.

24. In addition, Defendant' continued illegal collection actions and continued reporting on Liboro's credit reports after failing to conduct a reasonable investigation into Liboro's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

25. Liboro incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

27. As a result of each and every violation of the FDCPA, Liboro is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

28. Liboro incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

30. As a result of each and every violation of the RFDCPA, Liboro is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## CAUSE OF ACTION THREE
## VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

31. Liboro incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

33. As a result of each and every violation of Cal. Civ. Code § 1798.92, Liboro is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

34. Liboro reincorporates by reference all of the preceding paragraphs.

35. Cross-Defendant violated sections 1681n and 1681o of the FCRA by engaging in the

following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Liboro to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

36. Defendant' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Liboro that are outlined more fully above, and as a result, Defendant is liable to compensate Liboro for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

37. Defendant have failed to correct the disputed information within thirty days of Liboro's dispute of that information.

38. To the extent that Defendant' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### FIRTH CAUSE OF ACTION
### VIOLATION OF CONSUMER CREDIT REPORTING AGENCY ACT
*(Cal. Civ.* Code §§1785.25(a))

39. Liboro reincorporates by reference all of the preceding paragraphs.

40. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Defendant violated this provision of the CCRAA by furnishing information to the Agencies while knowing that the information being furnished regarding Liboro's Accounts with Defendant were inaccurate.

41. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer

Complaint - 8

reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate. Defendant has failed to take such steps, despite having knowledge for nearly six (6) years, that its reporting is inaccurate regarding the accounts at issue.

42. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

43. Based on these violations of Civil Code § 1785.25 (a), Liboro is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Liboro prays that judgment be entered against Defendant for:

a) an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

b) an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

c) an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

d) an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

e) an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually.

f) an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

g) special, general, compensatory and punitive damages;

h) treble damages pursuant to Cal. Civ. Code § 3345;

i) any and all other relief that this Court deems just and proper;

j) For such other and further relief as may be just and proper including but not limited to an Order requiring the deletion of any and all negative reporting made by Defendant to the Agencies.

k) Statutory damages for willful and negligent violations of the FCRA and CCRAA.

## TRIAL BY JURY

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Liboro is entitled to, and demands, a trial by jury.

Dated: February 3, 2016

By: _____
Todd M. Friedman
Attorney for Plaintiff